# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 20-5155**                         **September Term, 2020**

**1:20-cv-00982-UNA**

**Filed On:** January 12, 2021

Zachary Johnson and Russell Hill,

       Appellants

    v.

William P. Barr, U.S. Attorney General, et al.,

       Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Katsas, Rao, and Walker, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant Zachary Johnson. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion for appointment of counsel, and the motion to recuse, it is

**ORDERED** that the motion for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated any likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion to recuse be denied. Appellant has provided no grounds warranting recusal. See 28 U.S.C. § 455. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's April 28, 2020 order dismissing the action without prejudice as to appellant Zachary Johnson be affirmed. The district court correctly concluded that Johnson's claims under the Federal Tort Claims Act for violations of the Fifth Amendment's Takings Clause are barred by sovereign immunity. See FDIC v. Meyers, 510 U.S. 471, 478 (1994). The district court also correctly concluded that Johnson's claims against federal judges are barred by judicial immunity. See, e.g., Atherton v. D.C. Office of Mayor, 567 F.3d 672, 682 (D.C. Cir. 2009).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the

**No. 20-5155**                                    **September Term, 2020**

resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk